Eaton v. Wal-Mart Stores            CV-97-245-SD   07/23/98

UNITED STATES DISTRICT COURT FOR THE

                     DISTRICT OF NEW HAMPSHIRE


<u>Catherine Eaton</u>


_____v.                              Civil No. 97-245-SD

<u>Wal-Mart Stores, Inc.;</u>
<u>Maine Building Specialties Co.;</u>
<u>Door Control, Inc.</u>


                         <u>O R D E R</u>

     Plaintiff Catherine Eaton brings this personal injury action
against defendants Wal-Mart Stores, Inc., Maine Building
Specialties Co., and Door Control, Inc., alleging negligence and
strict liability in the operation of an automatic door.
Presently before the court are various pretrial motions.


                         <u>Background</u>

     On May 25, 1996, plaintiff was a patron of defendant Wal-
Mart's retail store in Seabrook, New Hampshire.  As she exited
the store, an automatic door closed on her body, fracturing her
right pelvis and wrist and causing other injuries.

## Discussion

### 1. Plaintiff's Motion for Voluntary Non-suit Without Prejudice as to Defendant Maine Building Specialties Co. Only (document 17)

Plaintiff has moved for voluntary non-suit without prejudice with respect to defendant Maine Building Specialties Company, which disavowed under oath any relationship whatsoever with the door that allegedly injured plaintiff. Under Rule 41(a)(2), Fed. R. Civ. P., plaintiff's motion must be and herewith is granted.

### 2. Plaintiff's Motion for Leave to Extend the Deadline to Disclose Liability Expert From March 1, 1998 to April 10, 1998 (document 14)

Plaintiff disclosed her expert witness on April 10, 1998, more than one month after the agreed-upon March 1, 1998, disclosure deadline. Plaintiff then moved to extend the disclosure deadline to April 10, 1998. Defendant Door Control initially objected to the motion to extend, but then withdrew its objection. Accordingly, plaintiff's motion for leave to extend the deadline from March 1, 1998, to April 10, 1998, is granted.

Wal-Mart and Door Control contend that plaintiff's expert disclosure is insufficient under Rule 26(a)(2)(B), Fed. R. Civ. P., which requires, in addition to a statement prepared and signed by the expert,

2

> a complete statement of all opinions to be
> expressed and the basis and reasons therefor; the
> data or other information considered by the
> witness in forming the opinions; any exhibits to
> be used as a summary of or support for the
> opinions; the qualifications of the witness,
> including a list of all publications authored by
> the witness within the preceding ten years; the
> compensation to be paid for the study and
> testimony; and a listing of any other cases in
> which the witness has testified as an expert at
> trial or by deposition within the preceding four
> years.

All this information is necessary for the expert disclosure to be considered sufficient. Presently, plaintiff's expert disclosure only includes her expert's analysis and findings, but omits the other necessary information. Thus plaintiff has tendered an insufficient expert disclosure and is hereby ordered to augment that disclosure with the necessary information provided for in Rule 26(a)(2)(B) by August 28, 1998.

### 3. Wal-Mart Stores, Inc.'s Motion for Summary Judgment (document 12)

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56 (c), Fed. R. Civ. P.; Lehman v. Prudential Ins. Co. of Am., 74 F.3d 323, 327 (1st Cir. 1996). The court's function at this stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Stone & Michaud Ins., Inc. v. Bank Five for Savings, 785 F. Supp. 1065, 1068

3

(D.N.H. 1992) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986)).

The moving party has the burden of establishing the lack of a genuine issue of material fact. <u>Finn v. Consolidated Rail Corp.</u>, 782 F.2d 13, 15 (1st Cir. 1986). The court views the record in the light most favorable to the nonmoving party, granting all inferences in favor of the nonmoving party. <u>Caputo v. Boston Edison Co.</u>, 924 F.2d 11, 13 (1st Cir. 1991). To survive summary judgment, the nonmoving party must make a "showing sufficient to establish the existence of [each] element essential to that party's case," <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-323 (1986), and cannot merely rely on allegations or denials within the pleadings. <u>LeBlanc v. Great Am. Ins. Co.</u>, 6 F.3d 836, 841 (1st Cir. 1993), <u>cert. denied</u>, 511 U.S. 1018 (1994); <u>Anderson</u>, <u>supra</u>, 477 U.S. at 256. When reviewing a summary judgment motion, "'the question is not whether there is literally *no* evidence favoring the non-movant, but whether there is any upon which a jury could properly proceed to find a verdict in that party's favor.'" <u>Caputo</u>, <u>supra</u>, 924 F.2d at 13 (quoting <u>De Arteaga v. Pall Ultrafine Filtration Corp.</u>, 862 F.2d 940, 941 (1st Cir. 1988)).

Defendant Wal-Mart argues that plaintiff cannot prove her allegations of negligence without an expert witness. In support thereof, defendant cites <u>Maille v. Wal-Mart Stores, Inc.</u>, No. 95-C-00352-WS (N.H. Super. Ct. Jan. 24, 1996), in which the superior court held that expert testimony is required to show negligence

4

in a case involving electronic doors. However, plaintiff in the present case disclosed the identity of an expert witness on April 10, 1998. Plaintiff's evidence indicates that defendant Wal-Mart's electronic exit door may have been malfunctioning and capable of causing injury. Plaintiff also submitted testimony tending to show that Wal-Mart knew or should have known that the electronic doors were malfunctioning. In any event, plaintiff has presented enough expert testimony regarding defendant's negligence that the case cannot be resolved on summary judgment. Accordingly, defendant's motion for summary judgment is denied.

4. <u>Defendant Door Control's Motion for Leave to Reply to Plaintiff's Objection to Door Control's Motion for Summary Judgment (document 19)</u>

The court grants Door Control's motion for leave to reply and has fully considered its reply in ruling on the motion for summary judgment.

5. <u>Defendant Door Control's Motion for Summary Judgment (document 11)</u>

Defendant Door Control moves for summary judgment, claiming that plaintiff has failed to disclose an expert to support her liability claims or, alternatively, that plaintiff's product liability claim must fail as a matter of law because Door Control was merely a supplier of services in this case.

As to the first claim, the court has granted plaintiff's motion to extend disclosure deadline. Since plaintiff has made a valid expert disclosure, defendant Door Control's motion for summary judgment based on failure to disclose an expert is denied.

Next, Door Control seeks summary judgment on the ground that it merely repaired the doors, but did not sell any products. Section 402-A of the RESTATEMENT OF TORTS (SECOND) (1965), which has been adopted by the New Hampshire Supreme Court, Buttrick v. Lessard, 110 N.H. 36, 37-38 (1969); see, e.g., Chellman v. SAAB-Scania AB, 138 N.H. 73, 77, 637 A.2d 148, 150 (1993) ("We adopted the doctrine of strict products liability as expressed in the RESTATEMENT (SECOND) OF TORTS § 402-A (1965) in Buttrick v. Lessard."), "applies to any person engaged in the business of selling products for use or consumption. It therefore applies to any manufacturer of such a product, [or] to any wholesale or retail dealer or distributor . . . ." RESTATEMENT, supra, cmt. f; see, e.g., Bolduc v. Herbert Schneider Corp., 117 N.H. 566, 569, 374 A.2d 1187, 1189 (1977) ("Persons in the business of selling products may be held strictly liable in tort . . . ."). Moreover, strict liability can be applied when persons both provide a product and perform a service. See 63A AM. JUR. 2D § 1302 (1977). A hybrid sales-service transaction can give rise to a cause of action for strict liability if the sales aspect of the

transaction predominates and the service aspect is incidental. Id. at § 1301. Defendant Door Control admits providing replacement parts, but argues that its main task was to repair the doors.

However, the evidence establishes that the sales aspect of the transaction between Door Control and Wal-Mart predominated over the repair aspect. Door Control's invoices state that the company is in the business of providing sales, service, and rebuilding. In testimony, the president of Door Control, Joe McCune, Jr., stated that the company is a dealer and representative for several different automatic door manufacturers. Attachment to Plaintiff's Objection to Wal-Mart's Motion for Summary Judgment. Also, the invoices provided by plaintiff tend to show that Door Control's business depends predominantly on sales, not service. Id. The invoices provide that on three service calls to the Seabrook Wal-Mart store, Door Control billed Wal-Mart a combined $1,609 for parts, but only $324 for labor. Id. This evidence supports the argument that the transaction was
predominantly a sale, so Door Control's motion for summary judgment therefore must be denied.

6. Assented-To Motion to Extend Defendants' Expert Disclosure Deadlines From June 15, 1998 Until August 28, 1998 (document 22)

Defendants' request for a commensurate amount of time to file their expert disclosures is granted. Defendants' experts must be disclosed on or before August 15, 1998.

## Conclusion

To summarize, the court has granted plaintiff's motion for voluntary non-suit regarding defendant Maine Building Specialties Co. (document 17). The court also has granted plaintiff's motion for leave to extend deadline to disclose liability expert (document 14), but has found that said disclosure is insufficient and has given plaintiff until August 28, 1998, to augment same. Defendants also moved to extend time to disclose their experts (document 22); the motion is granted, and said disclosures are due on or before August 15, 1998. The court has granted Door Control's motion for leave to reply to plaintiff's objection to motion for summary judgment (document 19). Finally, the court

has denied Wal-Mart's and Door Control's motions for summary judgment (documents 12 and 11, respectively).

SO ORDERED.


                                                                 _____
                                                                 Shane Devine, Senior Judge
                                                                  United States District Court

July 23, 1998

cc:  Robert I. Mekeel, Esq.
     George R. Moore, Esq.
     James C. Wheat, Esq.